Mr. Carpenter. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Roy Anania. An affidavit from an accredited representative in a proceeding before the VA of the mailing, in this case, of a substantive appeal is, as a matter of law, sufficient evidence to cause the common law mailbox rule to attach in a VA proceeding. Mr. Anania was entitled to the benefit of the presumption that his counsel had mailed his VA-9 timely to the VA, unless the presumption of mailing had been rebutted by the VA, which did not occur in this case. The Veterans Court erred by determining that the evidence of mailing was insufficient to establish the presumption of receipt of Mr. Anania's VA-9 by the VA. Mr. Carpenter, I guess there's an alternative way of looking at this would be to say that the affidavit, your affidavit, could be sufficient to establish the presumption, but that there could be a question of credibility, a threshold question of credibility about the affidavit as to whether it was sufficient. I mean, suppose, for example, that an affidavit had come five years after the statement of the case or something like that, and that there were other indicia in the affidavit that maybe it wasn't trustworthy. Surely, the board and the Court of Appeals for Veterans Claims could make a determination that the affidavit wasn't credible and that that presumption wasn't invoked as a result. Would you agree with that? I would agree with that, Your Honor, although in this case, the board and the VA treated this as a presumption of regularity issue as opposed to a presumption of mailing issue. The affidavit simply was not addressed until the most recent remand from the Veterans Court, which resulted in the adverse board decision that resulted in the decision that's on appeal today. So you're not contending that the submission of an affidavit of mailing isn't of itself sufficient to invoke the presumption that there would have to be some determination that the affidavit is credible? My reluctance, Your Honor, is that it seems to me that that's part of the VA's burden in rebutting the presumption. To me, the question is whether or not the mailbox rule attaches when there is such a submission, which is what took place in this case when I discovered that the VA had not received the VA-9 that I had timely sent by regular mail to the VA. Now, one matter perhaps for clarification about the impact of this case is that with the evolution of the electronic system of the VA and its conversion from paper to electronic processing, the VA-9s in the legacy appeal and any other pleadings are now capable of being directly uploaded to the VA by both a claimant individually and through his representative. Can I ask you this? Yes, Your Honor. If we separate what are perhaps a couple of different issues, would it be right that the threshold issue is whether the CAVC here following Rios II legally erred in saying that a declaration because it is self-interested cannot be legally sufficient? Well, Your Honor, I think actually the Veterans Court went further than that. I think the Veterans Court really focused on whether or not an affidavit from the attorney and by implication transforming the attorney to a party would be barred because of the rule set out by the Tenth Circuit in Sorrentino that a party's self-serving testimony would be insufficient. So I think it's a somewhat more nuanced error that was made by the Veterans Court by assuming that because there was no case law from either the Veterans Court or this court that spoke directly to the submission by an attorney that the Veterans Court chose to follow the rule set out in Sorrentino. Suppose we were to conclude that the Veterans Court was wrong either as to an attorney declarant or even more broadly as to the legal insufficiency of a declaration simply because it is self-serving and not independent proof and suppose we were to remand, what issues would be open on remand and in particular as a procedural matter would there be an opportunity for additional supplementary affidavit or anything like that that might address other topics such as any regular course of mailing practice in your office? I have several responses to that. The problem with a remand in this case is that the rules under which the Veterans Court operates are limited to the record that was before the board and the only record before the board was my affidavit that the VA-9 had been timely mailed to the VA in adequate time for the VA to have received it within the 60-day statutory period. The difficulty with a remand and not a reversal is that it suggests that there was some basis in law for the disposition by the Veterans Court and I do not believe that there is any basis for the Veterans Court's disposition of Mr. Antonin's appeal by denying him the benefit of the mailbox rule. There is a question. I'm sorry. That's okay. This is Judge Stoll. I wanted to ask you, so I think what I understand you to be saying is you want us to say that as a matter of law, your declaration was sufficient. The concern I have is that if we look at different case law from different circuits on the mailbox rule, I think you are correct that a declaration might sometimes be sufficient, but it really is a case-by-case determination. So how can we possibly reverse? Don't we have to vacate so the court below can make an assessment based on a case-by-case analysis as to whether your declaration was sufficient? Respectfully, Your Honor, I don't think so. The Veterans Court had two opportunities to deal with this and sent it back on remand for the board to address this under the mailbox rule. The board then addressed it and it was returned adversely to the court because the board found that that affidavit was not sufficient to attach the mailbox rule. It seems to me that the question of law here is the attachment of the rule to then shift the evidentiary burden from the appellant to the Department of Veterans Affairs. And in this statutory scheme, in this type of adjudicatory system, the intent is to be non-adversarial. They had multiple opportunities to accept it, as did the Veterans Court, and both rejected it on bases that were not founded in any version of the law that I can locate, even though you correctly state, Judge Stoll, that there are cases that talk about the circumstances in which an affidavit might or might not be accepted as attaching. That was not what took place here. But, Mr. Carpenter, there are two issues here. One, was it mailed? And two, was it received? On the first issue, don't you bear the burden of establishing that it was mailed? And if you establish that it's mailed, that invokes the presumption and then the VA has the burden to show that it wasn't received. Is that not an accurate statement of the law? I believe that is an accurate statement, Your Honor. And my point is that my affidavit did that, and there is no evidence in the record to the contrary, and that was the evidence that was both before the Board and before the Veterans Court, and they didn't correctly apply the law as it has been interpreted by the various courts about what constitutes attachment. I will reserve the balance of my time, Your Honor. Okay. If there are no further questions for Mr. Carpenter at the moment, we'll hear from Ms. Bay. Thank you, Your Honor. May it please the Court, we respectfully request that this Court affirm the Veterans Court's decision and reject Mr. Anania's argument that a simple statement from a party or party's representative should be per se enough for the presumption of receipt to attach under the mailbox rule, no matter how conclusory or no matter how many years after the fact the affidavit takes place. Here particularly, Mr. Carpenter's affidavit, I think it's interesting that Your Honor mentioned five years, because Mr. Anania's attorney's affidavit was in fact dated nearly five years after the date on which it was supposedly mailed. Moreover, the sum total of the statement, which the Veterans Court and the Board did both note in their decisions, is a simple sentence that on January 18, 2010, I mailed a substantive appeal to the regional office in Waco, Texas. Now, it appears that Mr. Anania is arguing that a statement by an attorney, no matter how late after the fact and no matter how devoid of detail, should be per se enough for the presumption of receipt to attach, but that does not accord with the Supreme Court's decision in Rosenthal, which says that the appellant must prove that the letter was put in the mail, and this Court's decision in Rios, too, which says that an appellant must provide evidence demonstrating that, in that case, an NOA was properly addressed, stamped, and mailed in adequate time. Wait a second. I just want to be clear about the facts. Mr. Carpenter's affidavit said that the letter was mailed more than two months before the due date, correct? Yeah. He states that it was mailed on January 18, which would have been within the two-month period. That it was more than two months before the due date, right? I don't know if he specifically states more than two months, but I believe that... Well, that's what we know from the record, because we know what the due date was, which was sometime in March, right? Yes, Your Honor. His statement that it was January 18 would indicate that he's stating that it was mailed before the due date, yes. Considerably before the due date? Yes, Your Honor. And so if it was mailed on that day, you wouldn't contend that it wasn't mailed in sufficient time to get there before the due date, right? No, Your Honor. We're not contending that, and I don't believe that the Board or Veterans Court contended that either. Okay. Why is there anything unusual about Mr. Carpenter not raising the fact that this was mailed well before the due date, before he did? I think it was a couple of years after the claimed mailing, because normally he wouldn't have received a notification from the Board immediately. It usually takes a couple of years, doesn't it? Your Honor, I don't believe that we are contending or that the Veterans Court or Board was contending that it was unusual that he didn't follow up for a couple years. I think it was slightly over two and a half years after the purported mailing. I think we're stating that this affidavit that is made almost five years after the fact and that he raised it two and a half years after the fact shows that a per se rule that Mr. Anania is advocating for, that no matter what a statement from a party's representative should be enough for the presumption of receipt to attach. I think we're more rebutting that by showing that here we have almost a five-year passage of time, and yet he's asking this court to not only hold that the Veterans Court erred, but to essentially hold that there should be a bright-line rule and reverse the Veterans Court's determination entirely. Well, the Veterans Court is the one that established a bright-line rule. They won't consider self-serving affidavits from a party or the party's lawyer, right? The opinion does reflect such a bright-line rule, correct? Well, Your Honor, that's one thing I did want to address. Wait, wait, what's the answer to my question? The Veterans Court did adopt a bright-line rule that self-serving affidavits aren't sufficient, right? I think that the Veterans Court, to the extent it adopted a bright-line rule at all, would have been solely the rule that a party's own self-serving testimony is not enough. That's the exact language that the Veterans Court used in Rios 2 and that the Veterans Court used here, but I don't believe that Rios 2 and Scythian and the Veterans Court's decision indicates that that means that an affidavit or declaration is never enough, which I believe Your Honor asked the appellant about. In fact, I think it's interesting to note that in the… Counsel, this is Judge Dole. I want to test what you're saying because in Rios 2, it specifically says, and it's quoted, in fact, in the decision below here at page 5 of the appendix, where it says that proof of mailing or that presumption of receipt requires proof of mailing, such as independent proof of a postmark, dated receipt, or evidence of mailing, apart from a party's own self-serving testimony. Why doesn't that suggest that they viewed self-serving testimony as never being good enough? Well, Your Honor, I think that's where, and certainly the Veterans Court might have done a better job of elucidating this, but I think that's where it's important to note that Rios 2, which the Veterans Court decision below was bound by at the time, does state that it requires evidence of mailing apart from a party's own self-serving testimony, but does not preclude testimony at all. Indeed, the Veterans Court specifically notes that there could be testimony of somebody witnessing the mailing or in the form of the evidence of a course of business, which would presumably be in the form of a testimony. And, in fact, all the cases… Wait, wait. I'm not understanding your response to Judge Stull's question or to mine. I mean, on Appendix 5, the Veterans Court says specifically, in the light of the Fittian Court's comments explicitly addressing the usefulness of a self-serving affidavit in the context of the presumption of receipt, the court found no legal error in the Board's reliance on that case and its discussion of whether the presumption of receipt attached. It's saying you cannot meet your burden of showing mailing with a self-serving affidavit. You've got to have something more. Isn't that correct? Yes, it's correct that a self-serving testimony is not enough, but I don't think that… I think if you look at Rios 2, that doesn't mean that affidavits or testimony as a general rule are precluded, but only when they're completely self-serving, or we read that to mean essentially conclusory, because Rios 2 cites several cases in which the various courts found that testimony in the form of affidavits was enough to show the presumption of receipt. In fact, Rios 2 itself, I think, is really notable because in Rios 2, there were actually two affidavits submitted from an employee of the party's representative. So analogous to the situation here, attesting… If what I understand you to be saying is this, that it would be a legal error to hold that an affidavit by a party is per se insufficient, do you agree with that? I'm sorry. I think I… Can you please repeat that? Do you agree with this proposition? It would be legal error to rule that a self-serving affidavit by a party is insufficient. I think that depends on what is meant by the term self-serving. I think if we hold self-serving to mean simply a conclusory or bare bones, then yes, if that statement does include detail of either the mailing itself or of routine business practices or circumstantial evidence, which this court… No, no, no. Forget about business practices. An affidavit by a party or his or her lawyer saying, I mailed it on such and such a date addressed to such and such a person with sufficient postage, it would be legal error to reject that affidavit. I wouldn't say it's legal error to per se reject it or accept it, as Mr. Carpenter asked. And I would note here that there is nothing in Mr. Carpenter's affidavit to show that it was posted or… I'm sorry. I'm not understanding your answer. Please tell me yes or no. It is legal error to reject a self-serving affidavit stating that the party or lawyer mailed the document to the required address. I don't think it's legal error to always reject a statement from a party or a party's representative stating that they mailed the appeal to a certain address. I think it depends on the affidavit that's at hand. And here the board clearly considered the facts of the specific affidavit at hand and noted that the facts of that specific affidavit, which were only one sentence long, were not sufficient according to Rios 2 and 50 and for the presumption of receipt to attach. And now I understand… What more do you think would make such a declaration more than conclusory and therefore sufficient? Well, Your Honor, I think… I put postage on it? I think if you look to the examples that were addressed in Rios 2, just more detail regarding the circumstances of either the mailing itself, such as the affidavit in Rios where she described that she followed their normal mailing procedures when mailing the NOA to the court and a copy to the VA, and that she saw the cases cited in Rios 2 that… Can I ask you this? I was struck by the following. A longstanding aspect of the Supreme Court rules says that if the postmark is, I think, 29.2, that if the postmark is missing or not legible or the third-party commercial carrier doesn't provide the date the document was received by the carrier, the clerk will require the person who sent the document, so now we're talking about self-serving, to submit a notarized statement or declaration setting out, in compliance with 28 U.S.C. 1746, setting out the details of the filing and stating that the filing took place on a particular date within the permitted time. Why should I not read that to say the Supreme Court thinks that a self-serving declaration can indeed suffice, where the details of the filing may need to be filled in, but really more than I put it in the mail addressed to the right place on this day? Well, Your Honor, I think a couple things. I think that what the Supreme Court found was more than what we have in this case, and again, Mr. Anania is essentially asking, and I can even quote from his brief, that basically a statement, no matter how long after or how conclusory, essentially, should be per se enough for the presumption of receipt, and we would submit that even if this court finds that the Veterans Court erred by putting forth a bright-line rule, that it should not endorse Mr. Anania's view of the case, but rather should just remand to the Veterans Court to conduct a more specific case-based analysis about that particular affidavit, and I think one thing in favor of that is in this court's actual Rios decision, its Rios 1 decision, it states that Mr. Rios must provide essentially direct evidence demonstrating that his NOA was addressed, stamped, and mailed, but also states that in lieu of direct proof of mailing, Mr. Rios may also prove the fact of mailing through evidence of mailing custom or routine practice. Right, but all of that-actually, let me just ask you this question. Supposing there's a remand, what opportunity is there for either a supplemental affidavit or other evidence? I think Mr. Carpenter might be correct that the Veterans Court has to decide on the board's record, and here we do have an affidavit, so the remand would be then for the Veterans Court to specifically- although we do think that the Veterans Court did specifically discuss the affidavit-the remand would be for the Veterans Court to specifically look at the affidavit that Mr. Carpenter submitted and determine based on the substance of that exact affidavit whether that was sufficient for the presumption to attach or whether something more was needed in that particular case. And without a requirement that the proof be, quote-unquote, independent proof? I would say that it could be without independent proof, depending on what is meant by independent proof. I think if Your Honor is stating that it could be just in the affidavit itself, then yes, I think theoretically all the proof could be within the affidavit itself, but that the Veterans Court is restricted to deciding on the facts of this specific affidavit. And just to conclude, since I know my time is almost up- That sounds like a fact finding, which is not supposed to be made by the Veterans Court, but by the board. Right, which is why we believe that the court should actually affirm the Veterans Court's decision, because the board, the Veterans Court specifically noted that the board discussed application of the mailbox rule to the facts of this case, and the board did just that. In fact, the Veterans Court- The board rejected the affidavit because it was self-serving, right? The board did reject the affidavit because it was self-serving, but it did construe the facts of that specific affidavit and specifically cited to the exact nature of the facts alleged in the affidavit and analogized it to the facts of the Veterans Court's binding on the board. In the Scythian case, in which the Veterans Court held in Scythian that the statements in the Veterans affidavit were not sufficient, and the board here analogized specifically to the facts of the Scythian case. So the board did make a fact-based determination based on the facts of Mr. Carpenter's affidavit, even though the board did also cite the decision in Rios 2 for the quote-unquote self-serving testimony aspect. If this court has any other questions, I'd be happy to answer them. Otherwise, thank you. All right. Thank you, Ms. May. Mr. Carpenter? May it please the Court, I have nothing further unless there are questions from staff. I do have a question, Mr. Carpenter. Yes, sir. The question came up about the length of time between the January 10, 2010 mailing and the November 2014 declaration. Can you illuminate whether there is something about the length of that time that is either unusual or somehow doesn't make the declaration more suspicious than it would be if it had been filed earlier? Yes, Your Honor. The length of time that it was taking for the VA to process matters at the time in which the VA-9 was filed was not remotely unusual and there would have been no reasonable expectation on either my client's part or my part as his advocate to assume that there was some unreasonable delay that had taken place that would have accounted for the lack of action on his substantive appeal. The reality here is that the government is asking that somehow Mr. Anania or his representative intuit the non-receipt. And that's really the problem here is that there was no way for my client or myself to know when the VA-9 had been received. Under the new system with remote access to the claims file, I am able to see within days, occasionally sometimes weeks, whether or not the document was or was not received. And given the length of time ahead of which the 60 day period for filing the VA-9 had left to run, under those circumstances, I could simply have provided another VA-9 had I known that it had not been received, which I would be capable of knowing at the present time. And that's why I made mention of the fact that the advancements in the electronic filing process within the VA have hopefully eradicated this as a problem in the future. Okay. I hope I've answered your question. Yes, thank you. Anything further from my colleagues? No. Okay. Hearing nothing, case is submitted and we thank both counsel.